# 0IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TAMMY J. SWIGERT, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-3570-CV-S-DW-SSA |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Tammy J. Swigert seeks judicial review of the denial of her application for disability insurance benefits and supplemental security income benefits based on disability. See 42 U.S.C. §§ 401 *et seq.* and § 1381 *et seq.* Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. § 405(g). Plaintiff filed her social security brief on August 17, 2005 (Doc. 9). Defendant filed her brief in response on September 26, 2005 (Doc. 11). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I. STANDARD OF REVIEW

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. Osborne v. Barnhart, 316 F.3d 809, 811 (8th Cir. 2003). The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). The Court considers both

evidence that detracts from and evidence that supports the Commissioner's decision. Stormo, 377 F.3d at 805 (citations omitted). Thus, if substantial evidence supports the outcome, the Court will not reverse the decision even if substantial evidence also supports a different outcome. Id.

II. DISCUSSION

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Plaintiff asserts that the Administrative Law Judge ("ALJ")[1] committed three errors in his determination, specifically that the ALJ: (1) did not afford controlling weight to Plaintiff's treating physician, (2) erred in failing to find Plaintiff's mental condition a non-severe impairment, and (3) did not properly consider Plaintiff's subjective complaints. Plaintiff's allegations of error are addressed in turn.

A. Treating Physician

The general rule is that an ALJ must give controlling weight to a treating physician's medical opinion. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). However, "[a] treating physician's opinion does not automatically control, since the record must be evaluated as a whole." Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted). An ALJ may discount or even disregard a treating physician's opinion "where other medical assessments are supported by better or more thorough medical evidence." Id. at 921 (citation omitted). Specifically, courts have routinely upheld determinations made by discounting unsupported medical opinions indicating a need to lie down or rest during the day. See, e.g., Seiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004) ("Finally, there is no medical evidence supporting [plaintiff's] claim that she needs to lie down during the day."); Patrick v. Barnhart, 323 F.3d 592 (8th Cir. 2003) (ALJ properly declined to credit

---

[1] The Honorable Martin F. Spiegel.

the plaintiff's claim he needed to lie down because the claim was not supported by plaintiff's medical records).

Plaintiff argues that the ALJ erred by not affording controlling weight to the opinion of Dr. Zolkowski. However, as Plaintiff has noted, the ALJ's RFC assessment was in large part consistent with Dr. Zolkowski's opinion. In fact, the ALJ adopted Dr. Zolkowski's limitations and restrictions verbatim with only one exception. In his submitted medical source statement Dr. Zolkowski opines that rest would be medically helpful to necessary during an 8-hour workday, with the rest period duration and intervals at the patient's discretion. After considering the record as a whole, the ALJ acknowledged, but ultimately did not adopt Dr. Zolkowski's rest limitation. (R. 10.)

Plaintiff takes issue with the ALJ's reliance on the opinion of Dr. Paff, a consultative examiner, whose examination and medical testing failed to indicate the functional limitations alleged by Plaintiff or Dr. Zolkowski. However, the ALJ was required to consider the opinion of Dr. Paff. See Social Security Ruling 96-8p ("A medical source's statement about what an individual can still do is medical opinion that an adjudicator *must* consider together with all the other relevant evidence . . . when assessing an individual's RFC.") (emphasis added). Dr. Paff stated that Plaintiff was morbidly obese, but had no evidence of lung disease, degenerative disc disease, liver disease or diabetes. (R. 331.) He further stated that "[I]t is unclear why she is not working . . . [i]t is my opinion that she is not disabled" Id. Dr. Paff's opinions are supported in the record by medical testing and reports. (R. 332 - 37.)

The Court finds no error where the ALJ considered all medical opinions in the record and ultimately made a RFC assessment differing from Plaintiff's treating physician. The ALJ acknowledged Plaintiff's various medical conditions and, relying on the various medical opinions

3

contained in the record, found that they did not prevent her from performing other jobs existing in significant numbers in the national economy. Therefore, the ALJ's determination is supported by substantial evidence on the record as a whole.

B. Mental Condition

Plaintiff argues that the ALJ erred in finding her depression to be "non-severe" under the regulations. (Pl. Brief, p. 28). "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921; see also Brown v. Bowen, 827 F.2d 311, 312 (8th Cir. 1987) (citing Bowen v. Yucker, 482 U.S. 137, 158 (1987)).[2] The phrase "basic work activities" refers to the abilities and aptitudes necessary to do most jobs.[3]

In his opinion, the ALJ explained why he found Plaintiff's depression to be "non-severe." The ALJ carefully considered the medical evidence in the record noting that Plaintiff had infrequent complaints of depression, had not required psychological or psychiatric treatment, had exhibited relatively mild symptoms that responded positively to medication, and that the opinions of examining psychologists indicated that Plaintiff retained substantial work-related ability (Tr. 17, 20). The ALJ ultimately concluded that based on the evidence as a whole, Plaintiff's depression resulted in a slight restriction of activities of daily living, slight limitation of social functioning and slight limitation of ability to maintain concentration, persistence, or pace and has resulted in no episodes

---

[2] This standard applies at the second step of the sequential evaluation process, and must be satisfied before proceeding to the subsequent steps.

[3] 20 C.F.R. § 416.921(b) provides that examples of these include: (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting.

of decompensation of extended duration. (R. 20.) The Court finds that sufficient evidence on the record supports the ALJ's determination that Plaintiff's depression was "non-severe."

### C. Credibility of Subjective Complaints

The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996). Where the record discloses inconsistencies between the subjective complaints and the objective evidence, an ALJ is permitted discount the weight afforded to the claimant's subjective complaints. Polaski, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).

In his decision, the ALJ found that Swigert's subjective complaints and other allegations not fully credible. (R. 19.) In his written opinion, the ALJ specifically addressed the subjective complaints and other allegations raised by Plaintiff. The ALJ explained that he found these complaints inconsistent with the medical records and opinions of the various medical sources found in the record. The ALJ also found Plaintiff's allegations inconsistent with her fairly normal range of daily activities. Accordingly, The Court finds that the ALJ adequately considered the Polaski

5

factors in concluding that Plaintiff's subjective complaints were inconsistent with the record as a whole. Furthermore, the ALJ's credibility finding was supported by the evidence he considered during his <u>Polaski</u> analysis. Accordingly, the ALJ committed no error with regard to Plaintiff's subjective complaints.

### III.  CONCLUSION

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and documentary evidence—the Court concludes that the ALJ's final determination is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.


Date:  April 5, 2006                                                /s/ DEAN WHIPPLE
                                                                                              Dean Whipple
                                                                              United States District Court